**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN COX, | * |
|     Plaintiff, | * |
| v. | Civil Action No. 16-cv-350 |
| | * |
| NAVIENT SOLUTIONS, INC., | PLAINTIFF DEMANDS TRIAL |
| | *   BY STRUCK JURY. |
|     Defendant. | * |

**COMPLAINT**

This case arises from the intentional and repeated efforts of Defendant to contact Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. (hereinafter referred to as the "TCPA") by utilizing an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), after Plaintiff revoked his consent to receive such calls.  Due to the intentional actions of Defendant, Plaintiff now comes to this Honorable Court seeking injunctive relief, compensatory damages, statutory damages set forth in the TCPA, the costs incurred in this action, and for such other, further and different relief to which Plaintiff may be entitled under the circumstances.  As more specific grounds therefore, Plaintiff offers unto this Honorable Court as follows:

**I.**

**PARTIES**

**PLAINTIFF**

1. Plaintiff, John Cox (herein after referred to as "Plaintiff"), is a natural person who is a resident of Baldwin County, Alabama, and is in excess of 19 years of age.

2. Plaintiff is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

**DEFENDANT**

3. Defendant, Navient Solutions, Inc. (herein after referred to as "Defendant"), is a foreign corporation with its principal place of business in Reston, Virginia. Defendant does business in Alabama.

4. Defendant is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

**II.**

**JURISDICTION AND VENUE**

5. This action is brought under Federal Law; thus the Court has Federal Question jurisdiction pursuant to 47 U.S.C. §227 *et seq*. Further, this action is brought due to actions Defendant, a foreign corporation that does business in Alabama, took against Plaintiff, a resident of Alabama, and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. Venue is proper in this Court because Defendant carried out the acts complained of by Plaintiff in Baldwin County, Alabama. At all relevant times, Defendant placed calls to Plaintiff in Baldwin County, Alabama.

**III.**

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
(TCPA), 47 U.S.C. §227**

7. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

8. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automatic telephone dialing systems (hereinafter referred to as an "ATDS"), or "autodialers."

10. Specifically, the plane language of §227 (b)(1)(A)(iii) prohibits the use of an ATDS to make any call to a wireless number, other than a call made for emergency purposes, in the absence of prior express consent.

11. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded messages to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[2]

13. Just as a consumer may grant his consent to receive telemarketing calls placed by an ATDS to a cellular telephone, so may a consumer revoke such consent.

14. The TCPA provides a private right of action for violations whereby an aggrieved party may be awarded, in addition to injunctive relief, the greater of actual damages or statutory damages in the amount of $500 for each violation (and up-to $1,500 for each call placed in violation of the statue intentionally, willfully and/or knowingly).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 *et seq*.
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 564-65 (¶ 10), 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

## IV.

## PLAINTIFF'S FACTUAL ALLEGATIONS

## AND CAUSE OF ACTION FOR VIOLATIONS OF THE TCPA

15. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

16. Defendant services a private student loan owed by Plaintiff.[3]

17. Plaintiff has a cellular telephone number, (251) 605-6121, that he has used for many years. Plaintiff has only used this number as a cellular telephone number, and Plaintiff's cellular number has not been ported from a wireline service.

18. Defendant obtained Plaintiff's cellular telephone number through servicing Plaintiff's loan, and began placing calls to Plaintiff's cellular telephone using an ATDS in early 2016.

19. Plaintiff, on May 4, 2016, mailed a letter to Defendant wherein Plaintiff revoked his consent for calls to be placed to his cellular telephone number using an ATDS. Plaintiff stated:

> Finally, please stop calling my cell phone. It is very inconvenient, especially when I am working or busy at home. I do not know how you got my cell number, but please do not call my cell phone with a computer dialer or leave pre-recorded messages on my cell phone. If I gave you my cell phone, or if I have somehow given my permission for your company to call my cell phone using a dialer or computer or pre-recorded messages, I hereby withdraw my permission to be called on my cell phone in this way regarding this account.

---

[3] The subject loan is not a debt owed to or guaranteed by the United States; therefore, the subject student loan is not exempt from the provisions of the TCPA pursuant to the Bipartisan Budget Act of 2015.

20.     Following the revocation of Plaintiff's consent, Defendant continued to place telephone calls, and deliver computer generated voice mail messages, to Plaintiff's cellular telephone.

21.     The telephone calls placed to Plaintiff's cellular telephone following his revocation of consent were made by Defendant using an ATDS, as defined in 47 U.S.C. §227(a)(1).

22.     The telephone calls placed to Plaintiff's cellular telephone were not made for "emergency purposes," as defined in 47 C.F.R. §64.1200.

23.     The telephone calls placed to Plaintiff's cellular telephone were made by Defendant (using an ATDS) in connection with Plaintiff's private student loan account.

24.     All of the calls placed to Plaintiff's cellular telephone using an ATDS since Plaintiff revoked his consent have been made intentionally, without Plaintiff's consent, and in plain violation of the TCPA.

25.     As a result of Defendant's conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the calls placed to Plaintiff's cellular telephone using an ATDS since Plaintiff revoked his consent.

26.     Further, because each of the calls placed to Plaintiff's cellular telephone using an ATDS since Plaintiff revoked his consent were made intentionally, willfully and/or knowingly by Defendant, an award of statutory damages of may be increased to as much as $1,500.00 for each of the subject calls.

27.     Finally, Plaintiff is entitled to injunctive relief to prohibit further calls being placed to his cellular telephone by Defendant using an ATDS.

WHEREFORE, the premises considered, Plaintiff prays that this Honorable Court permanently enjoin Defendant from placing telemarketing calls to Plaintiff's cellular telephone

using an ATDS in violation of the TCPA, and enter judgment finding Defendant liable to Plaintiff for statutory damages, in accordance with 47 U.S.C. § 227(b)(3), in the amount of $500.00 to $1,500.00 for each telemarketing call placed to Plaintiff's cellular telephone by Defendant in violation of the TCPA, plus the costs incurred in this action; and for such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper.

## V.

## JURY DEMAND

Due to the intentional and premeditated actions of Defendant, Plaintiff has come to this Honorable Court and demanded judgment against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, plus interest, the costs incurred in this action, and for such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper.  In order to fairly determine the validity of the facts set forth herein and determine the amounts due Plaintiff from Defendant, Plaintiff herby **DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

s/ John R. Cox
John R. Cox (COX030)
9786-A Timber Circle
Spanish Fort, Alabama 36527
251.517.4753
jrc@jrcoxlaw.com

**Defendant to be served via certified mail as follows:**

NAVIENT SOLUTIONS, INC.
c/o CSC-LAWYERS INCORPORATING SVC INC., its Registered Agent in Alabama
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104